**[Cite as *In re K.E.*, 2011-Ohio-3564.]**

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|                        |   |                          |
|------------------------|---|--------------------------|
|                        | : | JUDGES:                  |
|                        | : |                          |
|                        | : | Hon. W. Scott Gwin, P.J. |
| IN RE: K.E. & W.E.     | : | Hon. William B. Hoffman, J. |
|                        | : | Hon. Patricia A. Delaney, J. |
|                        | : |                          |
|                        | : | Case No. 2011CA00021     |
|                        | : |                          |
|                        | : |                          |
|                        | : |                          |
|                        | : | O P I N I O N            |

CHARACTER OF PROCEEDING:     Appeal from the Stark County Court of
                             Common Pleas, Probate Division Case No.
                             207222-207223


JUDGMENT:                    AFFIRMED


DATE OF JUDGMENT ENTRY:      June 21, 2011


APPEARANCES:

For Appellant:                      For Appellee:

ARNOLD F. GLANTZ                    EUGENE O'BYRNE
4883 Dressler Road, NW              101 Central Plaza South, Suite 500
Canton, OH 44718                    Canton, OH 44702

*Delaney, J.*

{¶1} Stepmother/Appellant appeals the January 3, 2011 decisions of the Stark County Court of Common Pleas, Probate Division to deny Appellant's petition to adopt K.E. and W.E. without Mother/Appellee's consent.

{¶2} This case comes to us on the expedited calendar under App.R. 11.2(C).

**STATEMENT OF THE FACTS AND THE CASE**

{¶3} K.E. and W.E. are the biological children of Appellee. The children's father is married to Appellant, the children's stepmother. The father has legal custody of the children after the children were removed from Appellee's care in 2002. In 2002, Appellee was charged and pleaded guilty to two counts of Endangering Children. Appellee was sentenced to three years of community control.

{¶4} In 2004, Appellee was granted supervised visitation with K.E. for two hours per week at the Massillon YMCA. After the first six weeks, Appellee was permitted the same visitation with W.E. The trial court ordered Appellee to pay the costs of the supervised visits.

{¶5} According to the App.R. 9(C) Statement of the Evidence, Appellee visited with W.E. and K.E. at the Massillon YMCA, but the visits stopped in 2004. Appellee stopped the visitation at the Massillon YMCA because she could no longer afford them. The father permitted Appellee to visit the children at his home, but he decided to stop the visitation at his home after several visits.

{¶6} The father did not tell Appellee his phone number and the trial court stated that the father testified he would change his phone number if Appellee contacted him at that number. Appellee stated that the father would call the police if Appellee appeared

at his house.  Appellee sent a letter to the father regarding the children in 2004 or 2005. Appellee sent the children Christmas gifts one year, but the father returned the gifts. Appellee's mother is permitted to see the children, but the father forbid her to give Appellee his phone number.

{¶7}   Appellee filed a Motion to Reallocate Parental Rights with the Stark County Court of Common Pleas, Family Court Division on September 11, 2009.

{¶8}   On October 7, 2009, Appellant filed petitions in the Stark County Court of Common Pleas, Probate Division to adopt K.E. and W.E.  Appellant alleged that Appellee's consent for the petition to adopt was not required because Appellee had not had de minimis contact with her children for a least a year proceeding the petition. Father consented to the adoption but Appellee objected.

{¶9}   Appellee dismissed her Motion to Reallocate Parental Rights due to the Petitions for Adoption.

{¶10}  On November 1, 2010, the Probate Court held an evidentiary hearing on the petitions.  Local Rule 11.1 states that hearings before the Probate Court will not be recorded unless requested.  The parties did not request that the hearing be recorded and therefore, no record exists of this hearing.

{¶11}  On January 3, 2011, the trial court issued Findings of Fact and Conclusions of Law as to the petitions for adoption without consent.  The trial court found that Appellant failed to demonstrate by clear and convincing evidence that Appellee lacked justifiable cause for failing to communicate with her children. The court found that Appellee's attempts to communicate with her children were significantly

discouraged or interfered with by the father. The trial court therefore found that Appellee's consent was necessary for the adoption of the children.

{¶12} On March 28, 2011, the trial court issued Judgment Entry determining the Statement of Evidence pursuant to App.R. 9(C). The trial court conducted a hearing on the matter and considered Appellant's submission of additional evidence and Appellee's objections to that evidence. The trial court held that the facts set forth in the trial court's judgment entries issued January 3, 2011 comprised the Statement of Evidence under App.R. 9(C).

{¶13} Appellant now appeals the January 3, 2011 decisions.

**ASSIGNMENT OF ERROR**

{¶14} Appellant raises one Assignment of Error:

{¶15} "I. THE TRIAL COURT ERRED IN CONCLUDING THAT MANDY FAILED TO PROVE THAT THERE WAS NO JUSTIFIABLE CAUSE FOR SANDRA'S FAILURE TO COMMUNICATE WITH THEIR CHILDREN IN THE YEAR PROCEEDING MANDY'S PETITION TO ADOPT THEM."

**I.**

{¶16} Appellant argues the trial court erred in finding that Appellant failed to prove by clear and convincing evidence that there was no justifiable cause for Appellee's failure to communicate with her children. We disagree.

{¶17} The Supreme Court of the United States has recognized that natural parents have a fundamental liberty interest in the care, custody, and management of their children. *Stanley v. Illinois* (1972), 405 U.S. 645, 651, 92 S.Ct. 1208, 31 L.Ed.2d 551; *Santosky v. Kramer* (1982), 455 U.S. 745, 753, 102 S.Ct. 1388, 71 L.Ed.2d 599;

*Troxel v. Granville* (2000), 530 U.S. 57, 65, 120 S.Ct. 2054, 147 L.Ed.2d 49. A parent's right to raise a child is an essential civil right. *In re Murray* (1990), 52 Ohio St.3d 155, 157, 556 N.E.2d 1169. An adoption permanently terminates the parental rights of a natural parent. *In re Adoption of Reams* (1989), 52 Ohio App.3d 52, 55, 557 N.E.2d 159. Thus, courts must afford the natural parent every procedural and substantive protection allowed by law before depriving the parent of the right to consent to the adoption of his or her child. *In re Hayes* (1997), 79 Ohio St.3d 46, 48, 679 N.E.2d 680.

{¶18} The termination of a natural parent's right to object to the adoption of her child requires strict adherence to the controlling statutes. *In re Adoption of Kuhlmann* (1994), 99 Ohio App.3d 44, 649 N.E.2d 1279. Ordinarily, the written consent of a minor child's natural parents is required prior to adoption. R.C. 3107.07 provides exceptions to this requirement.

{¶19} R.C. 3107.07(A) states:

{¶20} "Consent to adoption is not required of any of the following:

{¶21} "(A) A parent of a minor, when it is alleged in the adoption petition and the court, after proper service of notice and hearing, finds by clear and convincing evidence that the parent has failed without justifiable cause to provide more than de minimis contact with the minor or to provide for the maintenance and support of the minor as required by law or judicial decree for a period of at least one year immediately preceding either the filing of the adoption petition or the placement of the minor in the home of the petitioner."

{¶22} Appellant has the burden of proof in this action. "The party petitioning for adoption has the burden of proving, by clear and convincing evidence, that the parent

failed to communicate with the child during the requisite one-year period and that there was no justifiable cause for the failure of communication." *In re Adoption of Holcomb* (1985), 18 Ohio St.3d 361, 368, 481 N.E.2d 613. See also *In re Adoption of Bovett* (1987), 33 Ohio St.3d 102, 104, 515 N.E.2d 919. "No burden is to be placed upon the non-consenting parent to prove that his failure to communicate was justifiable." *Holcomb* at 368.

{¶23} "Once the clear and convincing standard has been met to the satisfaction of the probate court, the reviewing court must examine the record and determine if the trier of fact had sufficient evidence before it to satisfy this burden of proof. * * * The determination of the probate court should not be overturned unless it is unsupported by clear and convincing evidence." Id.

{¶24} Therefore, for Appellant to prevail in this adoption proceeding without Appellee's consent, she must prove by clear and convincing evidence that (1) there has been a failure of communication or support by the natural parent for the one-year period and (2) the failure is unjustified.

{¶25} Appellant must also establish that the failure to communicate was without justifiable cause. "If the natural parent presents evidence showing that his failure to communicate was not unjustified, the petitioner must prove by clear and convincing evidence that such failure was not justified." *In re* Adoption *of Shea* (July 24, 1990), 10th Dist. No. 90-AP-245, 1990 WL 106468, citing *Holcomb*.

{¶26} *Holcomb* further held:

{¶27} "Significant interference by a custodial parent with communication between the non-custodial parent and the child, or significant discouragement of such

communication, is required to establish justifiable cause for the non-custodial parent's failure to communicate with the child. The question of whether justifiable cause exists in a particular case is a factual determination for the probate court and will not be disturbed upon appeal unless such determination is unsupported by clear and convincing evidence." 18 Ohio St.3d 361, 481 N.E.2d 613, paragraph three of the syllabus.

{¶28} As stated above the evidentiary hearing held before the Probate Court was not recorded; therefore, no transcript was provided to this Court for its review. If no transcript is available, the parties have another avenue to provide a record to the reviewing court under App.R. 9(C). App.R. 9(C) states:

{¶29} "If no report of the evidence or proceedings at a hearing or trial was made, or if a transcript is unavailable, the appellant may prepare a statement of the evidence or proceedings from the best available means, including the appellant's recollection. The statement shall be served on the appellee no later than twenty days prior to the time for transmission of the record pursuant to App.R. 10, who may serve objections or propose amendments to the statement within ten days after service. The statement and any objections or proposed amendments shall be forthwith submitted to the trial court for settlement and approval. The trial court shall act prior to the time for transmission of the record pursuant to App.R. 10, and, as settled and approved, the statement shall be included by the clerk of the trial court in the record on appeal."

{¶30} The Statement of the Evidence in this appeal consists of the Findings of Fact as set forth in the January 3, 2011 judgment entries.

{¶31} Upon the record before us, we find Appellant failed to meet her evidentiary burden in this case. The trial court's decision is supported by clear and convincing evidence that Appellee's reasons for not communicating with or supporting her children for the one-year period was justified due to the significant interference by the father. The evidence presented to this Court demonstrates that Appellee attempted to communicate with her children but those efforts were discouraged by the father.

{¶32} Accordingly, Appellant's Assignment of Error is overruled.

{¶33} The judgment of the Stark County Court of Common Pleas, Probate Division, is affirmed.

By: Delaney, J.

Gwin, P.J. and

Hoffman, J. concur.

_____
HON. PATRICIA A. DELANEY

_____
HON. W. SCOTT GWIN

_____
HON. WILLIAM B. HOFFMAN

PAD:kgb

[Cite as *In re K.E.*, 2011-Ohio-3564.]

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO

FIFTH APPELLATE DISTRICT

IN RE: K.E. & W.E.

:
:
:
:
:
:
:
:
:
:
:
:
:

JUDGMENT ENTRY

Case No. 2011CA00021

For the reasons stated in our accompanying Opinion on file, the judgment of the Stark County Court of Common Pleas, Probate Division is affirmed. Costs assessed to Appellant.

_____
HON. PATRICIA A. DELANEY

_____
HON. W. SCOTT GWIN

_____
HON. WILLIAM B. HOFFMAN