[Cite as *In re Adoption of Myers*, 2013-Ohio-5152.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| IN RE: ADOPTION OF ROBERT DANIEL MYERS ADOPTION OF AUSTIN STEVEN MYERS | : : : : : : : : : : : : : : | JUDGES:<br><br>Hon. W. Scott Gwin, P.J.<br>Hon. William B. Hoffman, J.<br>Hon. Patricia A. Delaney, J.<br><br>Case No. 2013CA00137<br><br><br><br><br><br><br>O P I N I O N |

CHARACTER OF PROCEEDING:     Appeal from the Stark County Court of
                             Common Pleas, Probate Division, Case
                             Nos. 216131/216132

JUDGMENT:                    AFFIRMED

DATE OF JUDGMENT ENTRY:      November 12, 2013

APPEARANCES:

For Petitioner-Appellant:              For Mother-Appellee:

JEFFREY JAKMIDES                       AARON KOVALCHIK
325 East Main St.                      116 Cleveland Ave. N., Suite 808
Alliance, OH 44601                     Canton, OH 44702

*Delaney, J.*

{¶1}  Petitioner-appellant Brandy Myers hereby appeals from the June 18, 2013 decision of the Stark County Court of Common Pleas, Probate Division denying her petition to adopt R.D.M. and A.S.M. without consent of appellee Mother, Lisa Myers.

{¶2}  This case is before us on the accelerated calendar pursuant to App.R. 11.2(C).

## FACTS AND PROCEDURAL HISTORY

{¶3}  Appellee Lisa Marie Myers ("Mother") has two sons with Brian Myers ("Father"), her ex-husband: A.S.M., born on April 21, 2001, and R.D.M., born on September 18, 2002.  Mother and Father divorced in 2004; Father married petitioner-appellant Brandy Myers ("Stepmother") in 2005.  Father obtained custody of the boys in 2007 and Mother had standard visitation.  All parties testified Mother stopped exercising her visitation rights in 2010; she did not see her sons on her designated Wednesdays, weekends, or holidays.

{¶4}  Mother testified she stopped visitation to avoid confusing the children because the parties were arguing during transfers.  She further alleged Father and Stepmother interfered with her visitation and communication.  On January 4, 2013, Mother filed a Motion to Show Cause in the Stark County Court of Common Pleas, Family Court Division, asserting Father denied her visitation.[1]

{¶5}  On October 18, 2012, Stepmother filed a Petition to adopt both A.S.M. and R.D.M. in the Stark County Court of Common Pleas, Probate Division.  The original Petition asserted Mother's consent was not required because she failed without justifiable cause to provide for the maintenance and support of the minors as required

---

[1] The record notes the Family Court litigation is presently "on hold" pending the instant case.

by law or judicial decree for at least one year immediately preceding the filing of the Petition. (The Petition did not allege Mother failed to make contact with the minor children during the one-year period prior to the filing of the Petition.) The trial court held an evidentiary hearing on December 10, 2012, and determined Mother's consent was required for the adoption because Mother did provide support for the children in the one-year period prior to the filing of the Petition.

{¶6} Stepmother thereupon amended the Petition and alleged consent of Mother is not required because Mother failed, without justifiable cause, to provide more than *de minimis* contact with the minor children for a period of at least one year immediately preceding the filing of the Petition. Mother objected, stating she has communicated with the minor children during the one-year period and further alleged Father and Stepmother have denied her communication.

{¶7} Another hearing was held before the trial court on May 20, 2013. Evidence at the hearing consisted of the testimony of Mother, Stepmother, and Father.

{¶8} Mother testified to two contacts with both minor children at Alliance High School during the summer of 2012. She spoke to both children for several minutes the first time and ate breakfast with them the second time. Mother stated Stepmother was present for both contacts; Stepmother stated she was aware of only one contact. Mother also stated she saw the children at her sister's house, but the date of this contact is not clear from the record. Mother also testified she saw both children at the December probate court hearing and the boys were excited to see her.

{¶9} Mother testified Father and Stepmother have interfered with and discouraged her from more extensive contact with the minor children which she wants

to have. She stated she asked Stepmother for the family's telephone number during one of the contacts at Alliance High School and Stepmother refused to give it to her. Stepmother admitted she refused to provide the number and stated Mother could have found the number in the phone book. Mother stated she gave Stepmother her own number and asked her to have the children call but they never did.

{¶10} Mother further alleged Father and Stepmother prevented her from bringing birthday treats into the children's classrooms and turned her away when she attempted to visit at the home. Father responded Mother would show up "out of the blue" at inappropriate times yet fail to show up on other planned occasions. Mother acknowledged no visitation, even to the extent of sending birthday and holiday cards, since 2010, on the basis that she didn't want to "confuse" the children because of the parties' arguments.

{¶11} On June 18, 2013, the trial court denied Stepmother's Petition for Adoption by Judgment Entry, finding Mother's consent is required for the adoption of A.S.M. and R.D.M.

{¶12} Stepmother now appeals from the June 18, 2013 Judgment Entry of the trial court, raising two assignments of error:

**ASSIGNMENTS OF ERROR**

{¶13} "I. THE TRIAL COURT'S FINDING THAT MOTHER'S CONTACT WITH THE MINOR CHILDREN IN THE ONE-YEAR PERIOD PRECEDING THE FILING OF THE PETITION WAS MORE THAN DE MINIMIS UNDER R.C. 3107.07(A) WAS UNREASONABLE, ARBITRARY, AND UNCONSCIONABLE. THE UNDISPUTED FACTS SHOWED THAT MOTHER'S CONTACT WITH THE CHILDREN CONSISTED

OF, AT MOST, TWO INSTANCES OF INCIDENTAL CONTACT BEFORE SCHOOL EACH LASTING A MATTER OF MINUTES AND ONE INSTANCE OF BRIEF CONTACT DURING THE CHILDREN'S VISIT WITH MOTHER'S SISTER. THIS IS INSUFFICIENT TO SHOW MORE THAN DE MINIMIS CONTACT UNDER THE RELEVANT STATUTE."

{¶14} "II. THE TRIAL COURT'S FINDING THAT PETITIONER AND FATHER 'SIGNIFICANTLY INTERFERED' WITH MOTHER'S ABILITY TO COMMUNICATE WITH AND VISIT THE CHILDREN WAS UNREASONABLE, ARBITRARY, AND UNCONSCIONABLE. MOTHER'S ALLEGATIONS OF INTERFERENCE CONSISTED OF A CLAIM SHE WAS DENIED A PHONE NUMBER WHICH HAD REMAINED THE SAME SINCE 2005, WHICH WAS LISTED IN THE PHONE BOOK, AND OF WHICH HER SISTER WAS IN POSSESSION; A CLAIM THAT THE CHILDREN'S SCHOOL DID NOT PERMIT HER TO INTERRUPT CLASS TO SEE HER CHILDREN; A CLAIM FATHER DID NOT DRIVE THE CHILDREN TO SEE HER (WHICH HE WAS NEVER OBLIGATED TO DO); AND VAGUE ALLEGATIONS THAT SHE DID NOT WANT TO FIGHT IN FRONT OF THE CHILDREN. EVEN IF TRUE, WHICH THEY ARE NOT, NONE OF THESE ALLEGATIONS DEMONSTRATE 'SIGNIFICANT INTERFERENCE' BY PETITIONER OR FATHER."

**ANALYSIS**

{¶15} Stepmother's two assignments of error are related and will be considered together. Stepmother asserts the trial court abused its discretion in finding Mother's consent is required for the adoption. We disagree.

{¶16} The Supreme Court of the United States has recognized that natural parents have a fundamental liberty interest in the care, custody, and management of their children. *Stanley v. Illinois*, 405 U.S. 645, 651, 92 S.Ct. 1208, 31 L.Ed.2d 551 (1972); *Santosky v. Kramer*, 455 U.S. 745, 753, 102 S.Ct. 1388, 71 L.Ed.2d 599 (1982); *Troxel v. Granville*, 530 U.S. 57, 65, 120 S.Ct. 2054, 147 L.Ed.2d 49 (2000). A parent's right to raise a child is an essential civil right. *In re Murray*, 52 Ohio St.3d 155, 157, 556 N.E.2d 1169 (1990). An adoption permanently terminates the parental rights of a natural parent. *In re Adoption of Reams*, 52 Ohio App.3d 52, 55, 557 N.E.2d 159 (10th Dist.1989). Thus, courts must afford the natural parent every procedural and substantive protection allowed by law before depriving the parent of the right to consent to the adoption of his or her child. *In re Hayes*, 79 Ohio St.3d 46, 48, 679 N.E.2d 680 (1997).

{¶17} The termination of a natural parent's right to object to the adoption of her child requires strict adherence to the controlling statutes. *In re Adoption of Kuhlmann*, 99 Ohio App.3d 44, 649 N.E.2d 1279 (1st Dist.1994). Ordinarily, the written consent of a minor child's natural parents is required prior to adoption, but R.C. 3107.07 provides exceptions to this requirement.  R.C. 3107.07(A) states:

> Consent to adoption is not required of any of the following:
>
> (A) A parent of a minor, when it is alleged in the adoption petition and the court, after proper service of notice and hearing, finds by clear and convincing evidence that the parent has failed without justifiable cause to provide more than de minimis contact with the minor or to provide for the maintenance and support of the minor as

required by law or judicial decree for a period of at least one year immediately preceding either the filing of the adoption petition or the placement of the minor in the home of the petitioner.

{¶18} We note Stepmother has the burden of proof in this action. "The party petitioning for adoption has the burden of proving, by clear and convincing evidence, that the parent failed to communicate with the child during the requisite one-year period and that there was no justifiable cause for the failure of communication." *In re Adoption of Holcomb*, 18 Ohio St.3d 361, 368, 481 N.E.2d 613 (1985). See also *In re Adoption of Bovett*, 33 Ohio St.3d 102, 104, 515 N.E.2d 919 (1987). "No burden is to be placed upon the non-consenting parent to prove that his failure to communicate was justifiable." *Holcomb* at 368. "Once the clear and convincing standard has been met to the satisfaction of the probate court, the reviewing court must examine the record and determine if the trier of fact had sufficient evidence before it to satisfy this burden of proof. * * * The determination of the probate court should not be overturned unless it is unsupported by clear and convincing evidence." Id.

{¶19} Therefore, for Stepmother to prevail in this adoption proceeding without Mother's consent, she must prove by clear and convincing evidence that (1) there has been a failure of communication or support by Mother for the one-year period and (2) the failure is unjustified. We find Stepmother has not met this burden. Stepmother has not established failure to communicate; she acknowledges the children encountered Mother at school at least once. Stepmother and Father further acknowledge refusing to provide the phone number, not following through with agreements for transportation, and generally hindering contact, which is significant because Stepmother must also

establish that the failure to communicate was without justifiable cause. "If the natural parent presents evidence showing that his failure to communicate was not unjustified, the petitioner must prove by clear and convincing evidence that such failure was not justified." *In re Adoption of Shea*, 10th Dist. No. 90–AP–245, 1990 WL 106468, (July 24, 1990), citing *Holcomb*, supra.

{¶20} Stepmother asks us to conclude Mother's testimony lacked credibility, but we are not the finders of fact. Moreover, as we have previously noted, "[n]o burden is to be placed upon the non-consenting parent to prove that his failure to communicate was justifiable." *In re D.N.O.*, 5th Dist. Stark No. 2012-CA-00239, 2013-Ohio-2512, ¶ 23, appeal not allowed, 135 Ohio St.3d 1472, 2013-Ohio-2512, 989 N.E.2d 71, citing *Holcomb* at 368.

{¶21} *Holcomb* further held: "Significant interference by a custodial parent with communication between the non-custodial parent and the child, or significant discouragement of such communication, is required to establish justifiable cause for the non-custodial parent's failure to communicate with the child. The question of whether justifiable cause exists in a particular case is a factual determination for the probate court and will not be disturbed upon appeal unless such determination is unsupported by clear and convincing evidence." 18 Ohio St.3d 361, 481 N.E.2d 613, paragraph three of the syllabus. Stepmother insists the interference alleged here is not "significant," but clear and convincing evidence supports the trial court's determination, not least of which is Stepmother and Father's own testimony. We do not make value judgments about the quality of Mother's interaction with the children or whether she should have been deterred by looking in a phone book for a number. The question before us is more

objective, to wit, whether the probate court's conclusions are supported by clear and convincing evidence.

{¶22} We have reviewed the record and find Stepmother failed to meet her evidentiary burden in this case. The trial court's decision is supported by clear and convincing evidence establishing Mother did have contact with the minor children within the one-year period, and furthermore, her failure to have more extensive contact was justified due to the significant interference by Father and Stepmother. See, *In re K.E.*, 5th Dist. Stark No. 2011CA00021, 2011-Ohio-3363.

## CONCLUSION

{¶23} Accordingly, Stepmother's two assignments of error are overruled and the judgment of the Stark County Court of Common Pleas, Probate Division is affirmed.

By: Delaney, J. and

Gwin, P.J.

Hoffman, J., concur.

_____
HON. PATRICIA A. DELANEY


_____
HON. W. SCOTT GWIN


_____
HON. WILLIAM B. HOFFMAN